IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NUMBER 1:23-CR-00069-MAC |
| ALBERT RAILEY | § § § § | |

### REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed August 5, 2025, alleging that the Defendant, Albert Railey, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Albert Railey was sentenced on September 15, 1998, before The Honorable James C. Paine, of the Southern District of Florida, after pleading guilty to the offenses of Count 1: Conspiracy to Import Cocaine Into the United States, Count 2: Conspiracy to Distribute Cocaine, and Count 3: Possession with Intent to Distribute Cocaine; all Class A felonies. Each of these Counts carried statutory maximum imprisonment terms of life. The guideline imprisonment range, based on a total offense level of 38 and a criminal history category of V, was 360 months to Life. Albert Railey was subsequently sentenced to 360 months on each Count, to be served concurrently,

followed by a 5-year term of supervised release on each Count, to run concurrently; subject to the standard conditions of release plus a $300.00 total special assessment fee.

## II. The Period of Supervision

On December 9, 2022, Railey completed his period of imprisonment and began service of the supervision term. On July 19, 2023, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to United States District Judge Marcia A. Crone. On September 6, 2023, the court modified the conditions of supervised release, with Railey's consent, to include substance abuse testing and treatment and alcohol abstinence.

## III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising four allegations. The First Amended Petition alleges that Railey violated the following conditions of release:

<u>Allegation 1.</u> The Defendant shall not commit another federal, state, or local crime.

<u>Allegation 2.</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

<u>Allegation 3.</u> The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

<u>Allegation 4.</u> The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

## IV. Proceedings

On August 11, 2025, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that he failed to refrain from committing another crime by virtue of his conviction for driving while intoxicated committed on June 17, 2023. In return, the parties agreed that he should serve a term of 18 months' imprisonment with no supervised release to follow, which shall be served consecutively to his term of imprisonment in Polk County for driving while intoxicated. The parties and the probation department agree that no additional supervision term is warranted in this case due to the imposition of state parole on the Defendant in connection with his state conviction.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of conviction were Class A felonies; therefore, the maximum

imprisonment sentence is 5 years for each of Counts 1-3, which may be ordered to run consecutively or concurrently.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from committing another crime by virtue of his conviction for driving while intoxicated committed on June 17, 2023, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a) indicates that upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release, or upon the finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of V, the policy statement imprisonment range is 18 to 24 months.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. The Defendant's agreed upon revocation sentence shall run consecutively to any other term of imprisonment he is serving, including his conviction in Polk County for driving while intoxicated.

In determining the Defendant's sentence, the court shall consider:

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from committing another crime by virtue of his conviction for driving while intoxicated committed on June 17, 2023. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 18 to 24 months. The Defendant did not

comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 18 months with no supervised release to follow, which shall be served consecutively to his term of imprisonment in Polk County for driving while intoxicated. The undersigned agrees with the parties and the probation department that no additional supervision term is warranted in this case due to the imposition of state parole on the Defendant in connection with his state conviction.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the First Amended Petition that he violated a mandatory condition of release by failing to refrain from committing another crime by virtue of his conviction for driving while intoxicated committed on June 17, 2023. The First Amended Petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 18 months' imprisonment with no supervised release to follow, which shall be served consecutively to his term of imprisonment in Polk County for driving while intoxicated. The Defendant requested to serve his prison term at the Federal Correctional Institution in Bastrop. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and

consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 12th day of August, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE